IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00458-KDB-SCR

| ERIKA JACOBS, | |
|---|---|
| **Plaintiff,** | |
| v. | **ORDER** |
| ATRIUM HEALTH UNIVERSITY, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on *Pro Se* Plaintiff Erika Jacobs' filing of an Amended Complaint, which implies a request that the Court reopen this previously closed action (See Doc. No. 4). However, the Court declines to do so for several reasons. First, the filing is untimely. When the Court first dismissed Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2) on June 27, 2024, it set a deadline of July 19, 2024 for the filing of an Amended Complaint. Plaintiff's Amended Complaint was filed on August 5, 2024, and Plaintiff has offered no explanation for failing to timely file her amended pleading.

Also, even if the Court accepted the belated filing, it is clear that the amendment would be futile for at least two reasons. Plaintiff asserts that the Court has diversity jurisdiction over this matter, but states that both she and the Defendant reside in North Carolina.[1] Therefore, there is no

---

[1] Plaintiff states that she lived in Virginia at the time of the events she complains of, but diversity jurisdiction is determined at the time an action is filed. *See Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785, 794 (4th Cir. 2023) ("In the federal diversity jurisdiction context, it is well settled that a court determines the existence of diversity jurisdiction 'at the time the action is filed.'") (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, (1991)).

1

diversity of citizenship. Also, Plaintiff generally complains of alleged wrongful conduct related to her employment. Although Plaintiff has not alleged employment discrimination under federal law, even generously reading the Amended Complaint to assert such a claim would be futile because Plaintiff does not allege that she filed any claim with the EEOC, which must be done before filing a Title VII or ADEA lawsuit. *See Balas v. Huntington Ingalls Indus. Inc.*, 711 F.3d 401, 406 (4th Cir. 2013); *Squalls v. Montgomery Cnty. Bd. of Educ.*, No. 8:23-CV-02035-GLS, 2024 WL 3832332, at *6 (D. Md. Aug. 15, 2024) ("An employee who alleges that an employer discriminated against her must exhaust certain administrative remedies by timely filing a charge with the EEOC before filing a Title VII or ADEA lawsuit.").

Therefore, the Court declines to reopen this action following Plaintiff's filing of an Amended Complaint and confirms the dismissal of this case. The Clerk is directed to keep this matter closed.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 23, 2024

Kenneth D. Bell
United States District Judge

2

Case 3:24-cv-00458-KDB-SCR   Document 9   Filed 08/23/24   Page 2 of 2